Opinion
PLOTKIN, J.
Procedural Background
On August 5, 1993, a criminal complaint was filed against appellant for violations of Vehicle Code sections 23152, subdivision (a) (driving while intoxicated) and 23152, subdivision (b) (driving with a blood-alcohol level of .08 percent or greater).
On October 25, 1993, appellant’s pretrial motion to suppress evidence pursuant to Penal Code section 1538.5 was heard and denied.
On November 24, 1993, appellant timely filed his notice of appeal.
Statement of Case
At the pretrial suppression hearing, Sheriff Service Specialist Williams Wosika, a certified reserve deputy, gave the following testimony. On July 20, 1993, at 6 p.m., Wosika was dispatched to investigate a traffic accident at the intersection of Apple Valley and Yucca Loma Roads. At the scene of the accident, three people were standing next to two stopped cars at the southeastern comer. Both cars had apparently sustained damage, one to the front and one to the rear. Appellant was standing beside the vehicle with the front-end damage. Wosika interviewed the driver of the car with the rear-end damage and the third person, who identified himself as a passenger of the *Supp. 24 vehicle with front-end damage, both of whom related that an accident had in fact occurred. Wosika also interviewed appellant and, while doing so, detected an odor of alcohol on his breath and slurred speech. He also observed an empty beer bottle in the front passenger seat of the vehicle with front-end damage and a second beer bottle near the vehicle on the shoulder of the roadway. Over objection that the corpus delicti of the offense had not been established, Wosika testified that appellant admitted he was the driver of the vehicle with front-end damage. Wosika further testified that he then called for a deputy sheriff to conduct a “DUI” investigation of appellant. Appellant was administered field sobriety tests and subsequently arrested.
Appellant’s written motion to suppress evidence included the breath sample subsequently obtained from appellant and all fruits of what appellant claimed was an unlawful arrest. The court found that the rule pertaining to establishment of the corpus delicti before receipt of appellant’s admissions did not apply to a motion to suppress evidence and that there was sufficient probable cause to warrant appellant’s arrest and, accordingly, denied the motion.
Discussion
Appellant states the issue on appeal thus: “We are here simply to decide if one can lawfully be arrested for drunk driving when his connections to a car involved in an accident are solely established by his statements admitted over corpus delicti objection.”
In ruling on a motion to suppress under Penal Code section 1538.5, the trial court finds the historical facts, selects the applicable rule of law, and applies the law to the facts in order to determine whether the rule of law has been violated. (People v. Williams (1988) 45 Cal.3d 1268, 1301 [248 Cal.Rptr. 834, 756 P.2d 221].) On appeal, this court views the evidence in a light favorable to the trial court’s ruling on the suppression motion. We will uphold the express and implicit findings of fact which are supported by substantial evidence and independently determine whether the facts support the court’s legal conclusions. (See People v. Loudermilk (1987) 195 Cal.App.3d 996, 1001 [241 Cal.Rptr. 208].)
In support of his contention that the corpus delicti rule applies to admissions of a defendant offered in evidence in a Penal Code section 1538.5 hearing, appellant cites extensively to cases which involve appeals from convictions for criminal offenses wherein the primary issue discussed is whether the trial court erred in admitting the defendant’s out-of-court admission or confession at trial over the defendant’s objection that the *Supp. 25 requisite level of proof of the corpus delicti of the offense had not been established.
We find that these cases have no applicability to the issue as framed by appellant, whose appeal is from a statutory motion to suppress evidence. We hold that the corpus delicti rule, an evidentiary rule limiting the admission and subsequent use of out-of-court admissions and confessions at trial, has no applicability to probable cause determinations made at Penal Code section 1538.5 hearings to suppress evidence.
The dilemma appellant creates by attempting to apply the corpus delicti rule to a hearing on a motion to suppress evidence is referred to in California Criminal Law Procedure and Practice, Second Edition (Cont.Ed.Bar 1994), section 52.28, page 1349: “The corpus delicti rule is sometimes confused with Penal [Code] § 836’s presence requirement. The two really have nothing in common. Section 836(1) applies only to arrests. It limits a police officer’s authority to make a DUI arrest unless he or she personally observes the arrestee driving. . . . The corpus delicti rule, on the other hand, applies only to the admissibility of a confession at trial" (Italics in original.)[1]
The trial judge readily perceived this distinction and ruled that the “Corpus [delicti] is not a rule to establish probable cause in the field.” The trial judge then, correctly, identified the real issue at hand: whether there was probable cause for appellant’s arrest pursuant to Vehicle Code section 40300.5. (See fn. 1, ante.)
Applying the standard for review on appeal from the denial of a Penal Code section 1538.5 motion, as set forth above, clearly there was sufficient probable cause for appellant’s arrest.
By urging the court to find the corpus delicti rule applicable to a statutory motion to suppress evidence, appellant demonstrates a fundamental misconception of the corpus delicti rule as well as the purpose of a Penal Code section 1538.5 hearing.
The rule requiring proof of all elements of the corpus delicti of the offense independent of the defendant’s out-of-court statements is simply *Supp. 26 designed to ensure that an accused is not admitting to, and subsequently convicted of, a crime that never occurred. (People v. Jennings (1991) 53 Cal.3d 334 [279 Cal.Rptr. 780, 807 P.2d 1009]; People v. Rogers (1943) 22 Cal.2d.787 [141 P.2d 722].) Since admissions or confessions generally tend to be a reliable form of evidence, the prosecution’s burden of presenting independent evidence of each element of the offense is a minimal one; the prosecution need only make a prima facie showing from independent evidence that a crime occurred in order to be able to introduce out-of-court admissions and confessions. (People v. Wright (1990) 52 Cal.3d 367 [276 Cal.Rptr. 731, 802 P.2d 221].)
Suppression hearings pursuant to Penal Code section 1538.5 have nothing, of course, whatever to do with the ultimate issue of a defendant’s guilt. Rather, the hearing is a mechanism whereby a defendant can raise issues relating to violations of his right to be free from unlawful searches and seizures. In the instant case, the issue is whether appellant’s privacy rights were violated by his warrantless arrest The central inquiry, then, is whether, pursuant to Vehicle Code section 40300.5, probable cause for his arrest existed. In arriving at such a determination, neither the court nor the officer in the field is particularly concerned with the question of whether appellant is falsely admitting to an element of an offense that has in fact never been committed. That is an issue that is reserved for the trier of fact at trial. The corpus delicti rule was not meant to create an obstacle to establishing probable cause to arrest in the field. (See People v. Beagle (1972) 6 Cal.3d 441 [99 Cal.Rptr. 313, 492 P.2d 1]; People v. Howk (1961) 56 Cal.2d 687 [16 Cal.Rptr. 370, 365 P.2d 426]; People v. Cooper (1960) 53 Cal.2d 755 [3 Cal.Rptr. 148, 349 P.2d 964].) The corpus delicti rule bears only upon the issue of the sufficiency of evidence to convict an accused of a criminal offense. (See CALJIC No. 2.72 (5th ed. 1989 rev.).)
Appellant would have us adopt a rule applying the corpus delicti doctrine to search and seizure hearings in a manner that would preclude an investigating officer’s consideration of a defendant’s statements in the field in determining the sufficiency of evidence to arrest. Such a rule would not only be incompatible with the provisions of Vehicle Code section 40300.5 but, considering the purpose underlying the corpus delicti rule, impractical, unnecessary, and illogical. Moreover, the rule proposed by appellant would be manifestly at odds with the legislative mandate contained in Vehicle Code section 40300.6 which provides: “Section 40300.5 shall be liberally interpreted to further safe roads and the control of driving while under the influence of an alcoholic beverage or any drug in order to permit arrests to be made pursuant to that section within a reasonable time and distance away from the scene of a traffic accident.”
*Supp. 27 Among the primary responsibilities of a police officer arriving at the scene of a traffic accident is to ascertain the identity of the drivers of the respective vehicles. An investigating officer is not required to have a suspicion that a specific crime is in progress or has been committed before making such an inquiry. Terry v. Ohio (1968) 392 U.S. 1 [20 L.Ed.2d 889, 88 S.Ct. 1868].) Therefore, the officer could not possibly be required to be possessed of evidence of every element of a crime before conducting an investigation into an accident and inquiring as to the identity of the drivers of the respective vehicles involved. If, after determining the identity of a driver who the officer has reasonable cause to believe was operating a motor vehicle while under the influence of alcohol or the combined influence of alcohol and any drug, that driver may be arrested pursuant to Vehicle Code section 40300.5, whether or not the sole evidence of driving is the driver’s own admission. The driver may not then defeat a showing of probable cause to make the arrest by interposing a corpus delicti objection to the admission of his statement at a hearing on his motion to suppress evidence relating to his arrest.
The denial of appellant’s motion to suppress evidence is affirmed.
Victor, P. J., and Fleuret, 1, concurred.

There exists a clear statutory exception to the “presence” requirement in cases, such as the instant appeal, wherein the arrestee was involved in a traffic accident. In such a case, Vehicle Code section 40300.5 permits the officer to make a misdemeanor “DUI” arrest if he has reasonable cause to believe that the arrestee has been driving while under the influence of alcohol. The legislative purpose in enacting the statute was to eliminate the troublesome requirement that a peace officer can make an arrest only if the person to be arrested committed the offense in his presence. (People v. Jordan (1977) 75 Cal.App.3d Supp. 1 [142 Cal.Rptr. 401].)